Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 98 C 5309 | Date | July 6, 2000 |
| Case Title | DYKEMA -v- SKOUMAL et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(10) [XX] [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendants Will County, Grundy County and Mans' motion for summary judgment is denied.

(11) [X] [For further detail see [X] order attached to the original minute order form.]

[X] Notices mailed by judge's staff.

date docketed: 7-7-00

date mailed notice: 7-6-00

Document # 181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW DYKEMA, )
　Plaintiff, )
)
　Plaintiff, )
)
v. ) No. 98 CV 5309
)
MICHAEL SKOUMAL, ET AL., )
)
　Defendants. )
)

MEMORANDUM OPINION AND ORDER DENYING SUMMARY
JUDGMENT AS TO WILL COUNTY, GRUNDY COUNTY AND MANS

JAMES F. HOLDERMAN, District Judge:

This litigation arises from injuries plaintiff Matthew Dykema suffered on October 29, 1997 at the hands of a private actor while Dykema was serving as an informant for and cooperating with the Metropolitan Area Narcotics Squad ("MANS"). In a series of oral and written rulings, this court has determined that plaintiff Dykema has raised a genuine issue of material fact on his § 1983 claims that his constitutional rights were violated under the "state-created danger" exception to DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 109 S. Ct. 998 (1989), and that he was injured in the while obeying a command to assist in an arrest. Will County, Grundy County, and MANS have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that they cannot be held responsible for the violation of plaintiff's constitutional rights and that plaintiff's injury was not caused by any action, policy, or custom employed by them. For the following reasons, the defendants' motion for summary judgment is denied as to Will County,

1

Grundy County, and MANS. Because this court has already addressed and ruled on several issues which are relevant to all defendants, this order addresses only those issues raised by defendants Will County, Grundy County and Mans which are unique to them.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

This court determined that one officer from Will County, James Cardin, and one officer from Grundy County, Craig Meese, are potentially liable for plaintiff's injury when the court denied those individually named defendants' motion for summary judgment. Nevertheless, the county defendants argue that they cannot be held liable for the actions of those officers because they were acting on behalf of MANS, not the counties themselves. This court has already rejected this argument with regard to Bolingbrook, Lockport, and Joliet, and rejects it again here. The plain language of the MANS Intergovernmental Agreement provides that any personnel contributed to MANS by local government units remain the employees of those units, and each participating unit of local government retains its individual liability for the acts or omissions of any of its personnel assigned

to MANS. As stated, this court has already found that there are genuine disputes of fact as to whether officers acting on behalf of Will and Grundy Counties violated plaintiff's Due Process rights by engaging in affirmative acts which placed plaintiff in a position of heightened danger. Factual disputes remain as to whether those defendants were working solely for MANS or for the governmental entities with whom they were employed. Viewing the evidence in the light most favorable to the plaintiff, it is possible that the acts of Cardin and Meese will be sufficient for a reasonable jury to impute liability to Will and Grundy Counties for plaintiff's constitutional and state law claims.

As for the argument that no action or policy of the counties proximately caused plaintiff Dykema's injury, this court has already ruled that plaintiff has raised a genuine issue that the customs and policies of MANS, including allowing uncontrolled drug buys, resulted in the violation of his constitutional rights. See Baxter v. Vigo County School Corp., 26 F.3d 728, 735 (7th Cir. 1994) (municipality can be liable to a plaintiff for a civil rights violation resulting from government policy when the municipality has an express policy that, when enforced, causes a constitutional deprivation or a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law). Plaintiff has also presented sufficient evidence for a reasonable jury to conclude that Will and Grundy Counties shared or acquiesced in MANS's policies or practices by participating in the MANS program. From the facts of this record, a reasonable jury could conclude that neither MANS nor the participating governmental entities had a coherent policy for protecting informants, and that they failed to train their officers to properly protect informants. Plaintiff Dykema has also come forward with evidence suggesting that the officers engaged in a continuing pattern of failing to protect him

3

and jeopardizing his safety by providing him alcohol and drugs, and allowing him to engage in uncontrolled drug buys. A reasonable jury could conclude that plaintiff's injuries were caused by those customs and policies. Plaintiff Dykema has thus created a genuine issue of fact as to whether the policies and customs MANS, Will County, and Grundy County were the proximate cause of the violation of his constitutional rights.

For the reasons stated above and in the opinions addressing other defendants' motions for summary judgment, Will County, Grundy County, and MANS's motion for summary judgment is DENIED.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: July 6, 2000