Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 98 C 5309 | Date | July 6, 2000 |
| Case Title | DYKEMA -v- SKOUMAL et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) Filed motion of [use listing in "MOTION" box above]
(2) Brief in support of motion due _____
(3) Answer brief to motion due _____ Reply to answer brief due _____
(4) Ruling/Hearing on _____ set for _____ at _____
(5) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) [XX] [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, the individually named defendants' motion for summary judgment on the basis of qualified immunity is denied as to all defendants.

(11) [X] [For further detail see ☐ order on the reverse of [X] order attached to the original minute order form.]

| | | number of notices | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | | |
| ☐ No notices required. | | | Document # |
| [X] Notices mailed by judge's staff. | | date docketed 7-7-00 | |
| ☐ Notified counsel by telephone. | | docketing dpty. initials BW | 182 |
| ☐ Docketing to mail notices. | | | |
| ☐ Mail AO 450 form. | | date mailed notice 7-6-00 | |
| ☐ Copy to judge/magistrate Judge. | | | |
| courtroom deputy's Initials | Date/time received in central Clerk's Office | mailing dpty. initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW DYKEMA,
    Plaintiff,

    Plaintiff,

v.

MICHAEL SKOUMAL, ET AL.,

    Defendants.

No. 98 CV 5309

MEMORANDUM OPINION AND ORDER DENYING SUMMARY
JUDGMENT AS TO INDIVIDUAL DEFENDANTS

JAMES F. HOLDERMAN, District Judge:

This litigation arises from injuries plaintiff Matthew Dykema suffered on October 29, 1997 at the hands of a private actor while Dykema was serving as an informant for and cooperating with the Metropolitan Area Narcotics Squad ("MANS"). In a series of oral and written rulings, this court has determined that plaintiff Dykema has raised a genuine issue of material fact on his § 1983 claims that his constitutional rights were violated under the "state-created danger" exception to DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 109 S. Ct. 998 (1989). The individually named defendants -- Michael Skoumal, Craig Meece, Jerry Wall, James Cardin, Joseph Piper, and Brian Mahoney -- have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that they are each protected by the doctrine of qualified immunity and that, based on the undisputed facts, they did not cause a violation of plaintiff's constitutional rights. For the following

1

reasons, the individually named defendants' motion for summary judgment is denied as to all defendants. Because this court has already addressed and ruled on several issues which are relevant to all defendants, this order addresses only those issues raised in the individually named defendants' motion which are unique to them.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

The law of qualified immunity exists to protect public officials performing discretionary functions from civil damages. To remove the protection of qualified immunity, a plaintiff is required to show: (1) that he has asserted a violation of a constitutional right resulting from the defendant's actions, and (2) that the right in question was clearly established at the time of the official's action. Ruffino v. Sheahan, 2000 WL 823449, at *3 (7th Cir. June 27, 2000). Plaintiff Dykema has done so. First, this court has already found that plaintiff has asserted and created a genuine dispute as to whether the injury he suffered violated his constitutional rights under the "state-created danger" exception to DeShaney, 489 U.S. 189, 109 S.Ct. 998. There, the Supreme Court made it clear that

2

the Due Process Clause is a limitation on the state's power to act, not a guarantee of certain minimal levels of safety and security. However, two "exceptions" have grown out of DeShaney. One of those exceptions is the "state-created danger" exception. The Court stated in DeShaney: "While the State may have been aware of the dangers that Joshua faced in the free world, it played no part in their creation, nor did it do anything to render him any more vulnerable to them." Id. at 201, 109 S.Ct. 998. From that statement the Seventh Circuit has concluded that liability exists when the state "affirmatively places a particular individual in a position of danger the individual would not otherwise have faced." Reed v. Gardner, 986 F.2d 1122, 1125 (7th Cir. 1993); Monfils v Taylor, 165 F.3d 511 (7th Cir. 1998). As such, a plaintiff may maintain a claim for the violation of Substantive Due Process rights by alleging that the state affirmatively placed him in a greater position of danger than he would have otherwise faced. See Butera v. District of Columbia, 83 F. Supp. 2d 25, 31 (D.D.C. 1999)

Furthermore, the constitutional right asserted by plaintiff Dykema was clearly established at the time of his injury, October 29, 1997. In this circuit, a recognition of a claim based on a state-created danger precedes DeShaney, which was decided in 1989. In White v. Rochford, 592 F.2d 381 (7th Cir. 1979), the Seventh Circuit concluded that police officers may not abandon children on the Chicago Skyway after arresting their custodian and depriving them of adult protection. The court stated that "such conduct indisputably breached the Due Process Clause." In other cases, the Seventh Circuit continued to recognize that a governmental official could, if the circumstances were right, be held responsible for creating a danger in a noncustodial setting. Archie v. City of Racine, 847 F.2d 1211 (7th Cir. 1988) (en banc). In those cases, Seventh Circuit clearly recognized that the constitutional right involved was the right not to be placed at risk by state

3

officials without proper protection "ameliorating the incremental risk". Id. at 1223. Based upon those cases, the Seventh Circuit recently concluded that the state-created danger exception, as defined here, had been clearly established in 1992. Monfils, 165 F.3d at 518. In Monfils, the court found that a jury could reasonably conclude that a sheriff violated an informant's Substantive Due Process rights by releasing a tape of the informant's anonymous call reporting a crime where the sheriff had reason to suspect that the person informed against was dangerous and had assured the informant that the tape would not be released. Id. The court further fleshed out the contours of the state-created danger exception in 1993, concluding that plaintiffs may state claims for civil rights violations "if they allege state action that creates, or substantially contributes to the creation of, a danger or renders citizens more vulnerable to a danger [than] they otherwise would have been." Reed, 986 F.2d at 1126. In Reed, the Seventh Circuit made it clear that plaintiffs may state a § 1983 claim even when the state actor's affirmative actions did not create the initial danger, but merely increased it in some way: "While [the police] did not create the danger by buying Rice drinks and providing him with a car, they did take action under color of state law which rendered the Reeds and the other motorists on Route 130 vulnerable to a dangerous driver." Id. at 1127. As such, the right to be free from state-created danger had been clearly established before October 1997, when the events relevant to this litigation occurred.

This court also finds plaintiff Dykema has come forward with sufficient evidence from which a rational jury could find that each individually named defendant caused the violation of plaintiff's constitutional rights by committing affirmative acts which resulted in placing plaintiff in a position of heightened danger he would not have otherwise faced. As to defendant Skoumal, there are certainly disputed issues of fact as to whether he told plaintiff to "smooth things over with Jay," and

4

what Skoumal meant by that alleged order. As to defendant Piper, there is a dispute as to whether he heard Skoumal's command, what he understood it to mean, and whether he should have done anything to prevent Dykema from acting on the suggestion. While defendants Meese, Karceski, and Mahoney were not physically present when Skoumal's alleged order was given, they each participated in the investigation of "Jay" and in the planned reverse drug buy. Additionally, they were each present at the White Hen parking lot meeting at which Dykema was "in full public view," such that a jury could reasonably conclude that they placed plaintiff in a position of heightened danger by making it likely that Dykema's identity as an informant could become known to the drug dealers involved in the reverse buy. Finally, while neither defendant Wall nor defendant Cardin was involved with the events of October 29, 1997, they both were involved in authorizing the investigation of Danzler and responsible for supervising their subordinates to ensure that they were following MANS policy and procedure. A reasonable jury could conclude that one or both of their affirmative acts as supervisors caused Dykema to be placed in a position of heightened danger he would not have otherwise faced.

In short, this court finds that there are material issues of fact which preclude the granting of summary judgment to any individually named defendant on the basis of qualified immunity. The constitutional right plaintiff alleges that defendants violated was clearly established at the time relevant to this litigation. As articulated in this pretrial setting, plaintiff has raised evidence from which a reasonable jury could find that each of the individually named defendants engaged in affirmative acts which placed plaintiff in a position of danger greater than he would have otherwise faced. The Substantive Due Process right to be free from such treatment was clearly established at the time plaintiff Dykema was injured.

5

## CONCLUSION

For the reasons stated above and in the opinions addressing other defendants' motions for summary judgment, the individually named defendants' motion for summary judgment on the basis of qualified immunity is DENIED as to all defendants.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: July 6, 2000