Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 98 C 5309 | Date | July 6, 2000 |
| Case Title | DYKEMA -v- SKOUMAL et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
   ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant City of Joliet's motion for summary judgment is denied.

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | | | number of notices | |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | | |
| ☐ | No notices required. | | | Document # |
| ☒ | Notices mailed by judge's staff. | | 7-7-00 date docketed | |
| ☐ | Notified counsel by telephone. | | | |
| ☐ | Docketing to mail notices. | | BW docketing dpty. initials | 183 |
| ☐ | Mail AO 450 form. | | | |
| ☐ | Copy to judge/magistrate Judge. | | 7-6-00 date mailed notice | |
| | courtroom deputy's Initials | Date/time received in central Clerk's Office | ✗ mailing dpty. initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MATTHEW DYKEMA, )
   Plaintiff, )
)
   Plaintiff, )
)
v. ) No. 98 CV 5309
)
MICHAEL SKOUMAL, ET AL., )
)
   Defendants. )
)

## MEMORANDUM OPINION AND ORDER DENYING SUMMARY JUDGMENT AS TO THE CITY OF JOLIET

**JAMES F. HOLDERMAN, District Judge:**

This litigation arises from injuries plaintiff Matthew Dykema suffered at the hands of a private actor while Dykema was acting as an informant for the Metropolitan Area Narcotics Squad ("MANS"). In a series of oral and written rulings, this court has determined that plaintiff Dykema has raised a genuine issue of material fact sufficient to survive summary judgment on his § 1983 claims that his constitutional rights were violated under the "state-created danger" exception to DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 109 S. Ct. 998 (1989), and that he was injured in the while obeying a command to assist in an arrest. Defendant the City of Joliet has moved for summary judgment, arguing that it is not responsible for plaintiff's constitutional violations based upon the acts of officer Skoumal, a Joliet police officer who was assigned to MANS, and that no action or policy on the part of Joliet caused plaintiff's injury. For

1

the following reasons, Joliet's motion for summary judgment is denied. Because this court has already addressed and ruled on several issues which are relevant to all defendants, this order addresses only those issues raised in Joliet's brief which are unique to Joliet.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1996). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511.

Joliet argues that it could not possibly be held liable for any injury suffered by plaintiff because the only Joliet officer involved in the events leading to plaintiff's injury, Skoumal, was acting as an Illinois State Officer at the time relevant to this litigation. In support, Joliet points to the Illinois Employee Indemnification Act, which defines "employer" to include "an individual appointed as an inspector by the Director of State Police when performing duties within the scope of the activities of a Metropolitan Enforcement Group or law enforcement organization under the Intergovernmental Cooperation Act." 5 ILCS § 350(1)(b). Because Skoumal was appointed as an inspector of MANS, Joliet argues, he was a state employee, and could not have also been an employee of Joliet for purposes of this litigation. Joliet relies upon Judge Alesia's opinion in another

case involving different factual circumstances that a group of officers were "either state actors of federal actors -- they cannot be both." Amoakohene v. Bobko, 792 F. Supp. 605, 608 (N.D. Ill. 1992).

Although upon initial review, the Bobko reasoning seems to apply equally to the issue of whether Skoumal could reasonably be considered to have acted on behalf both Illinois and Joliet at the same time, in Bobko, Judge Alesia relied upon the Federal Tort Claims Act, 5 U.S.C. § 3374(c)(2), which grants the Attorney General the power to certify that a person was acting in the course of his employment for the United States for purposes of an action, and thereby deem the action to be "one against the United States." Here, state law does not grant the Illinois Attorney General the power deem that an action against a MANS inspector is "against Illinois." Rather, the statute merely provides that the state will indemnify an officer in the event an action is brought against him for actions taken within the scope of a MANS-like arrangement. Moreover, in Bobko, Judge Alesia found that the loaned servant doctrine rendered the United States responsible for the actions of the officers, even though the City paid their wages. Judge Alesia reasoned that "[p]ayment of wages alone will not defeat the finding of a loaned servant relationship" Id. at 609. Here, by contrast, the MANS agreement specifically provides that contributed personnel shall continue to be employees of their local units, and that "[e]ach participating unit of local government shall retain its individual liability for the acts or omissions of personnel assigned by it to MANS." Finally, Bobko rested in part on the inconsistency of holding the same officers liable under § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971). Here, by contrast, both state and local governmental units may be held liable under the same statute, 42 U.S.C. § 1983, for actions taken under color of state law.

3

This court has determined that plaintiff raised a genuine dispute of material fact regarding Skoumal's liability for the violation of plaintiff's constitutional rights by placing him in a position of heightened danger. This court has also ruled that plaintiff has created a genuine dispute of material fact that he was obeying the command of an officer to assist in an arrest at the time of his injury. Based on the forgoing, this court finds that there is a fact issue as to whether Joliet can be held liable for plaintiff's constitutional and state law claims based on Skoumal's actions, even if Skoumal is also considered a state employee for purposes of the Illinois Employee Indemnification Act.

As for Joliet's argument that no action or policy of the City proximately caused plaintiff Dykema's injury, this court has already ruled that plaintiff has raised a genuine issue that the customs and policies of MANS, including allowing uncontrolled drug buys, resulted in the violation of his constitutional rights. See Baxter v. Vigo County School Corp., 26 F.3d 728, 735 (7th Cir. 1994) (municipality can be liable to a plaintiff for a civil rights violation resulting from government policy when the municipality has an express policy that, when enforced, causes a constitutional deprivation or a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law). Plaintiff Dykema has also presented sufficient evidence for a reasonable jury to conclude that Joliet shared or acquiesced in those policies by participating in the MANS program. From the facts of this record, a reasonable jury could conclude that neither MANS nor the participating governmental units had a coherent policy for protecting informants, and that they failed to train their officers to properly protect informants. Plaintiff Dykema has also come forward with evidence suggesting that the officers, including Skoumal, engaged in a continuing pattern of failing to protect him and

4

jeopardizing his safety by providing him alcohol and drugs, and allowing him to engage in uncontrolled drug buys. A reasonable jury could conclude that plaintiff Dykema's injuries were caused by those customs and policies. Plaintiff has thus created a genuine issue of fact as to whether MANS's and Joliet's policies and customs were the proximate cause of his constitutional injury.

For the reasons stated in this opinion and in the opinions addressing other defendants' motions for summary judgment, the City of Joliet's motion for summary judgment is DENIED.

ENTER:

*James F. Holderman* (signature)

JAMES F. HOLDERMAN
United States District Judge

DATE: July 6, 2000